**GIBSON DUNN**

Marshall R. King
T: +1 212.351.3905
M: +1 201.788.4374
mking@gibsondunn.com

February 10, 2025

<u>VIA ECF</u>

Hon. Edgardo Ramos
U.S. District Judge
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:   <u>SEC v. Kramer, No. 1:24-cv-03498-ER</u>

Dear Judge Ramos:

    We write to update the Court on an additional development relating to Defendants' pending motion to dismiss (Dkt. 27).  Specifically, the SEC has recently disavowed the very four-part test on which the SEC Staff in this case has premised its opposition to Defendants' motion to dismiss.

    As this Court is aware, the SEC Staff repeatedly argued that, "[t]o state an Exchange Act Section 15(a) claim against a dealer, a plaintiff must plead facts establishing that the defendant (i) bought and sold securities, (ii) as principal rather than as agent for another, (iii) as part of a profit-seeking enterprise, and (iv) on more than a few isolated occasions."  Dkt. 24 at 1; *see also* Dkt. 31 at 6 ("to sufficiently allege that a person or entity acted as a *prima facie* 'dealer' under the Exchange Act, a litigant must plead facts establishing that the person or entity, (1) bought and sold securities, (2) as principal rather than as agent for another, (3) as part of a profit-seeking enterprise, and (4) on more than a few isolated occasions").

    Recently, the SEC, in another pending case presenting the same issue, explicitly rejected this extraordinary four-part test, presumably because it would mean every hedge fund, investment fund, and family office in the United States was an unregistered dealer.  Because the SEC is taking inconsistent and even contradictory positions on the critical issue underlying its claims in this action, the Court should reject the SEC's arguments here.  "[W]hen the government (or any litigant) speaks out of both sides of its mouth, no one should be surprised" if its utterances aren't "the most convincing."  *Bittner v. United States*, 598 U.S. 85, 97 n.5 (2023); *see also id*. at 97 ("[T]his Court has long said that courts may consider the consistency of an agency's views when we weigh the persuasiveness of any interpretation it proffers in court."); *U.S. v. Johnson*, 221 F.3d 83, 96 (2d Cir. 2000) (rejecting government cross-appeal in part because "of a radical and belated change in the government's position").

    In Request for Admission No. 14 in *SEC v. Auctus Fund Management, LLC*, No. 23-cv-11233-AK (D. Mass.), the defendants there (also represented by the undersigned) asked the SEC

# GIBSON DUNN

Hon. Edgardo Ramos  February 10, 2025
U.S. District Judge  Page 2

to "[a]dmit that under the SEC's interpretation of the Exchange Act, the SEC may state a Section 15(a) claim by establishing that the defendant (i) bought and sold securities, (ii) as a principal rather than as agent for another, (iii) as part of a profit-seeking enterprise, and (iv) on more than a few isolated occasions." Ex. 1 at 11.[1] The SEC responded on January 30, 2025, "Denied. Request No. 14 as written omits factors that courts have deemed relevant to evaluating whether an entity is acting as a dealer." *Id*. at 12.[2] Given the SEC's fluid and ever-changing interpretations, even at this late date Defendants and other market participants lack fair notice regarding what activity requires registering as a dealer. *See* Dkt. 28 at 23-24.

The SEC's rejection of the Staff's position in this case is not surprising given that the SEC's newly-appointed Acting Chairman, Mark Uyeda, and the current nominee for SEC Chairman, Paul Atkins, have both rejected the dealer registration theory advocated by the SEC in this case in the strongest terms. *See* Ex. 1 at 132, Commissioner Mark T. Uyeda, *Statement on Further Definition of "As a Part of a Regular Business" in the Definition of Dealer*, Feb. 6, 2024 (criticizing as "arbitrary and even tyrannical" "the Commission's view that the 'dealer' definition is practically limitless"); *id*. at 53, Commissioner Mark T. Uyeda, *Statement Regarding GHS Investments, LLC*, Aug. 19, 2024 ("investors in convertible, variable rate notes had no reason to believe that their activity could trigger dealer registration obligations"); *id*. at 62, Expert Report of Paul S. Atkins, July 31, 2024 ("I find that a reasonable market participant could not have anticipated, based on the regulatory history, that the SEC would have considered a business [that provides convertible loans], which has no customers, to require registration as a dealer."); *id*. at 128-29, Deposition Transcript of Paul S. Atkins, November 18, 2024 (Q: "And now, you're seeing all this evidence that the commission, at least today, does consider at least some customer-less entities to be dealers, right? A: Yeah, but it's completely undefined. I mean, it's a shocking – I think to most people in the industry it's a shocking development.").

In fact, based upon their public statements and votes published in settled cases, we believe that a majority of the current SEC Commissioners voted *against* approval of this very case[3] – although the SEC here and in other pending dealer registration cases has failed to

---

[1] For the Court's convenience, Defendants have added page numbers in the lower-right hand corner of Exhibit 1 that were not in the original. Defendants have cited to those page numbers in this letter.

[2] The SEC Staff in the case before Your Honor disavowed such factors. *See* Dkt. 31 at 9 n.4; Dkt. 35 at 9.

[3] There are currently three SEC Commissioners. In addition to Chairman Uyeda's statements quoted above, Commissioner Hester Peirce has publicly criticized the prior Commission's "dealer" interpretation as "fundamental[ly] flaw[ed]" and "inconsistent with the statutory framework within which it sits." Commissioner Hester M. Peirce, *Dealer, No Dealer?: Statement on Further Definition of "As a Part of a Regular Business" in the Definition of Dealer and Government Securities Dealer in Connection with Certain Liquidity Providers*, Feb. 6, 2024,

# GIBSON DUNN

Hon. Edgardo Ramos  
U.S. District Judge

February 10, 2025  
Page 3

disclose that vote, in violation of clear federal law. *See* 5 U.S.C. § 552(a)(5) ("Each agency having more than one member shall maintain and make available for public inspection a record of the final votes of each member in every agency proceeding."). Indeed, Defendants specifically asked the SEC Staff in this case to disclose the vote, and they refused.

With the SEC having rejected the SEC Staff's legal theory in this case, we respectfully request that this Court grant Defendants' pending motion to dismiss. At a minimum, these recent developments underscore the need for oral argument on Defendants' motion given the lack of clarity regarding the SEC's position relating to the definition of "dealer."

Respectfully submitted,

*/s/ Marshall R. King*

Marshall R. King

cc:   All counsel of record (via ECF)

---

https://www.sec.gov/newsroom/speeches-statements/peirce-statement-dealer-trader-020624. Moreover, the SEC recently and belatedly published its vote in *SEC v. Morningview Financial LLC*, No. 1:22-cv-08142 (S.D.N.Y.), the very case upon which the SEC Staff here heavily relies and which settled in December 2024. Commissioners Uyeda and Peirce (i.e., a majority of the current Commission) voted against authorizing *Morningview*. *See* Commission Votes for District Court Actions 2024, https://www.sec.gov/about/commission-votes/annual/commission-votes-inj-2024.xml.